

UNITED STATES DISTRICT COURT
NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
Aug 28, 2008
AUG 2 8 2008

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 08 CR 334-2 |
| | ) | |
| MARY MICHELLE JEFFERSON | ) | Judge Harry D. Leinenweber |

# PLEA DECLARATION

## Charge in This Case

1. The indictment in this case charges defendant MARY MICHELLE JEFFERSON, with transporting an individual, under the age of eighteen, in interstate commerce with the intent that such individual engage in prostitution, in violation of Title 18, United States Code, Section 2421.

2. Defendant JEFFERSON has read the charge against her contained in the indictment, and that charge has been fully explained to her by her attorney.

3. Defendant fully understands the nature of the elements of the crime with which she has been charged.

4. By this Plea Declaration, defendant agrees to enter a voluntary plea of guilty to the indictment. Count One charges defendant with knowingly transporting an individual in interstate commerce with the intent that such individual engage on prostitution, in violation of Title 18, United States Code, Section 2421.

## Factual basis

5. Defendant will plead guilty because she is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt.

On or about January 27, 2008, in the Northern District of Illinois and elsewhere, MARY MICHELLE JEFFERSON and Jermel Pope, also known as "LOK", knowingly transported "Victim A," an individual who was under the age of eighteen, in interstate commerce, from the State of Wisconsin to the State of Illinois, with intent that such individual engage in prostitution, in violation of Title 18, United States Code, Section 2421.

Beginning in or about August 2007, Jermel Pope, who was at the time, the live-in boyfriend of defendant JEFFERSON, began a prostitution service advertising on the internet. Defendant JEFFERSON, under the direction of Pope, aided and assisted Pope in setting up and operating his prostitution business in a variety of ways, including: (1) using a Compaq Presario laptop computer, bearing serial number CNF5452KFW to create records and electronic files in support of the prostitution business, including posting female images and advertising on the Craigslist website; ~~(2) taking photographs of the girls;~~ (3) housing the girls temporarily in her apartment; (4) reserving and purchasing hotel rooms under defendant's name and credit card to permit prostitutes to meet with customers; and (5) transporting girls to and from locations in Illinois and elsewhere.

During approximately January 2008, Pope and a male friend, named Billy Dotson, began discussing adding a new girl to Pope's list of girls engaged in prostitution. Dotson advised Pope that he had a girlfriend ("Victim A") who lived in Wisconsin, and who Dotson stated would be willing to work as a prostitute. Thereafter, Pope and Dotson agreed that Dotson would try to convince his girlfriend ("Victim A") to travel from Wisconsin to Illinois to work for Pope. Soon

thereafter, Dotson stole money from Pope and disappeared. Pope and defendant JEFFERSON discussed what to do after the theft, and Pope thereafter informed defendant JEFFERSON that he would call Dotson's girlfriend in Wisconsin ("Victim A") and convince her to come to Illinois to help look for Dotson and to potentially work as a prostitute for Pope. Defendant JEFFERSON was aware that Pope intended to persuade Victim A to engage in prostitution if she agreed to move from Wisconsin to Illinois and live with defendant and Pope.

Thereafter, on or about January 27, 2008, Pope directed defendant JEFFERSON, to drive from defendant's home at 2044 Fox Pointe Circle, No. 107, Aurora, Illinois to Bagley, Wisconsin, to pick-up Dotson's girlfriend ("Victim A") at her home and to transport her back to Aurora, Illinois. At the time, defendant JEFFERSON, Pope and Individual A traveled to Wisconsin to pick-up Victim A and to transport her to Illinois, Victim A was seventeen years old. Defendant JEFFERSON used her personal vehicle, a Hyundai Santa Fe, bearing Illinois license plate 6887150 and assigned Vehicle Identification Number KM8SC83D61U017355 to transport Victim A from Bagley, Wisconsin to Aurora, Illinois, under Pope's direction. During the trip from Aurora, Illinois to Bagley, Wisconsin, defendant JEFFERSON heard Pope call and talk with Victim A on a cell phone. Defendant JEFFERSON traveled from Illinois to Wisconsin using Interstate 88 and Interstate 90, requiring the payment of tolls. The tolls were paid for using an I-PASS assigned to "JEFFERSONPOPE/MARYJERMEL."

Soon after Victim A arrived in Aurora, Illinois, Pope convinced her to work as prostitute. Defendant JEFFERSON, learned that Victim A had agreed to work as a prostitute when Pope instructed defendant JEFFERSON to pick up photographs of "Victim A" to be posted on Craigslists along with the other girls. ~~Pope~~ Jefferson also learned from Pope that he had made arrangements for Victim A to meet with customers at the apartment during times that defendant

JEFFERSON was at work during the day. Defendant JEFFERSON thereafter learned from Victim A, that she was only seventeen and that asked Pope if he was aware of her age. Pope responded that he knew Victim A was only seventeen and stated that she would be eighteen in a few weeks.

On or about February 8, 2008, defendant JEFFERSON, at Pope's direction, reserved a hotel room at a Holiday Inn in Oswego, Illinois. Pope told defendant that the purpose of the reservation was for an appointment that Victim A was going to have with prostitution customers later that evening.

**Maximum Statutory Penalties**

6. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a. A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

**Sentencing Guidelines Calculations**

7. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

8. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b. **Offense Level Calculations.**

i. The base offense level for the charge in the information is 24, pursuant to Guideline §2G1.3(a)(4):

ii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iii. In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of

responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known, the anticipated offense level is 21, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 37-46 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e. Defendant and her attorney acknowledge that the above Guideline calculations are preliminary in nature and based on facts known to the parties as of the time of this Plea Declaration. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Plea Declaration is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea of guilty or this Plea Declaration on the basis of the Court's rejection of these calculations.

**Agreements Relating to Sentencing**

9. The government has made no agreement to recommend that the sentence imposed within the applicable guidelines range, or any other recommendation concerning sentencing.

10. Defendant understands that she must also pay a special assessment of $100 at the

time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

**Forfeiture**

11. Defendant further understands that the Indictment charges that defendant has subjected personal property to potential forfeiture, namely:

(a) a Hyundai Santa Fe, bearing Illinois License plate 6887150, and assigned Vehicle Identification Number KM8SC83D61U017355; and

(b) a Compaq Presario laptop computer, bearing serial number CNF5452KFW,

because the government has alleged that this property was used to facilitate the offense to which defendant is pleading guilty, in that the Hyundai Santa Fe was used to transport Victim A from Wisconsin to Illinois and the computer was used to post photographs of Victim A on the internet in order to solicit customers for Victim A.

**Presentence Investigation Report/Post-Sentence Supervision**

12. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against her, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing, including the nature and extent of defendant's cooperation.

13. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer.

Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

14. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

**Waiver of Rights**

15. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a. Trial **rights.** Defendant has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in his own behalf.

**Conclusion**

16. Defendant understands that this Plea Declaration will be filed with the Court, will become a matter of public record and may be disclosed to any person.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached to cause defendant to plead guilty.

18. Defendant acknowledges that she has read this Plea Declaration and carefully reviewed each provision with her attorney.

Mary M Jefferson
MARY MICHELLE JEFFERSON
Defendant

GREGORY T. MITCHELL
Attorney for Defendant

Date: 8/28/2008